THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARRIE ALAN STONE, Defendant-Appellant.

(No. 55392; ▮▮▮▮▮▮▮▮

First District—March 10, 1972.

Barrie Alan Stone, *pro se.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*Offense Charged*

Driving without a valid Illinois chauffeur's license. Ill. Rev. Stat. 1969, ch. 95½, par. 6—101(a).

*Defense at Trial*

Defendant was not required to have an Illinois license as he was a resident of Iowa, and held a valid Iowa license.

*Judgment*

After a bench trial, defendant was found guilty and fined $40 plus $5 costs.

*Contention Raised on Appeal*

Defendant was not proved guilty beyond a reasonable doubt.

*Evidence*

In the absence of a court reporter's transcript of proceedings, our review of the evidence is necessarily based upon a sketchy one-page stipulated report of proceedings.

*J. Yeager,* for the State:

On June 19, 1970, he was a Dixmoor Police Officer. He stopped de-

fendant's truck and was shown a valid operator's license issued to defendant by the State of Iowa where he claimed to be a resident. However, the witness stated that defendant had lived "for some time" at a trailer court in Dixmoor, Illinois and that defendant was a volunteer of the Dixmoor Fire Department. Furthermore, he had "observed defendant within the community."

*Barrie Alan Stone,* on his own behalf:

Defendant, *pro se,* testified that his home and place of residence was in Ogden, Iowa and a valid Iowa chauffeur's license in his name was admitted into evidence. He explained that he was engaged in driving a truck in interstate commerce; that he was required by law to "lay over" at least eight hours at the end of each run; and that he sometimes spent that time in Dixmoor at his employer-owned mobile home provided for its drivers' use when not used as an office.

*Opinion*

The only evidence offered by the State as proof of guilt was the testimoney of Officer Yeager that defendant had lived for a time at a Dixmoor trailer court and was a volunteer fireman seen by him in the community. There was absolutely nothing in the officer's testimony relating to the length of time he believed defendant had been a "resident" of the community. We mention this so pointedly since at that time an Illinois license was not required until 90 days after a non-resident licensee had become a resident of this State. (Ill. Rev. Stat. 1969, ch. 95½, par. 6—102.2.) Furthermore, even if we were to overlook the failure to prove the 90-day requirement, we consider the State's evidence on the basic question of residency so insubstantial as not to sustain its burden of proving defendant guilty beyond a reasonable doubt.

The judgment is reversed.

Judgment reversed.

LORENZ, P. J., and DRUCKER, J., concur.